IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01902-PSF-CBS

CHERYL E. RUCKER,
    Plaintiff,
v.

CITY OF COLORADO SPRINGS,
POLICE CHIEF (RETIRED) LUIS VELEZ,
C.S.P.D. COMMANDER KURT PILLARD,
C.S.P.D. SGT. GORDON GOLDSTON,
C.S.P.D. LT. STEPHEN TOBIAS,
C.S.P.D. MARSHAL ALAHNA CLENDANIEL,
C.S.P.D. HUMAN RESOURCES SUPERVISOR LILI TRAN, and
COLORADO SPRINGS HUMAN RESOURCES MANAGER VIOLET HEATH,
    Defendants.
_____

ORDER
_____

This case comes before the court on Rucker's "Motion for Jury Request Demand" (filed October 25, 2006) (doc. # 4). Pursuant to the Order of Reference dated September 28, 2006 (doc. # 2) and the memorandum dated October 26, 2006 (doc. # 5), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

Fed. R. Civ. P. 38(b) provides in pertinent part:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, . . .

"The 'last pleading directed to such issue' will generally be an answer or reply . . . and

1

is determined on a claim by claim basis." *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir.1990) (citations omitted). Here, the only pleading filed is Rucker's "Title VII Complaint." No proof of service on the Defendants has been filed and no Defendant has answered or otherwise entered an appearance in the case. Accordingly,

IT IS ORDERED that Rucker's "Motion for Jury Request Demand" (filed October 25, 2006) (doc. # 4) is GRANTED and shall be treated as a timely jury demand.

DATED at Denver, Colorado, this 31st day of October, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge